IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GABRIEL F. PARDO, | § | |
| | § | |
| Defendant Below, | § | No. 550, 2019 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No.  1409011585 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted:  October 2, 2020
Decided:  November 12, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# O R D E R

After careful consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)    The appellant, Gabriel Pardo, appeals the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). For the reasons set forth below, we affirm the Superior Court's judgment.

(2)    Following an eight-day bench trial in 2015, Pardo was convicted of manslaughter, leaving the scene of a collision resulting in death ("LSCRD"), reckless driving, and six counts of endangering the welfare of a child.  The Superior Court sentenced Pardo to an aggregate of eight years and seven months of Level V incarceration followed by decreasing levels of supervision.  On appeal, Pardo

argued, as a matter of first impression, that the statute governing LSCRD ("Section 4202")[1] was a strict liability statute and therefore unconstitutional under the test set forth by the United States Supreme Court in *Morissette v. United States*.[2] Pardo also maintained that the Superior Court erred by adding a voluntary intoxication instruction to the pattern jury instructions for manslaughter, by denying his motion for judgment of acquittal, and by denying his request for a missing-evidence instruction.

(3) The Court held that Section 4202 was not a strict liability statute because it requires proof of a defendant's knowledge of his involvement in a collision.[3] We also concluded that the Superior Court did not abuse its discretion by including a voluntary intoxication instruction in its statement of the law with respect to manslaughter,[4] that the Superior Court properly denied Pardo's motion for judgment of acquittal because the evidence of Pardo's guilt—even excluding the evidence challenged by Pardo on appeal—was "overwhelming,"[5] and that a missing evidence instruction was not required.[6]

(4) Pardo then timely filed in the Superior Court a motion for postconviction relief under Rule 61 alleging that (i) trial counsel was ineffective for

---

[1] 21 *Del. C.* § 4202.
[2] 342 U.S. 246 (1952).
[3] *Pardo v. State*, 160 A.3d 1136, 1147 (Del. 2017).
[4] *Id.* at 1149.
[5] *Id.* at 1153.
[6] *Id.*

2

failing to argue that the evidence did not support a finding of recklessness necessary to sustain a manslaughter conviction; (ii) trial counsel improperly withdrew a motion to admit the victim's toxicology report without Pardo's permission; (iii) trial counsel erred by failing to object to the admission of his son's hearsay statement; and (iv) trial counsel's cumulative errors amounted to ineffective assistance of counsel. At Pardo's request, the Superior Court appointed counsel to assist him in the postconviction proceedings. On December 6, 2018, postconviction counsel informed the Superior Court that he had not identified any meritorious postconviction claims and filed a motion to withdraw under Rule 61(e)(7). Pardo then amended his original motion to add six additional ineffective assistance of trial counsel claims. At the Superior Court's direction, trial counsel filed an affidavit responding to each of Pardo's claims.

(5) On November 26, 2019, the Superior Court denied Pardo's motion for postconviction relief and granted counsel's motion to withdraw.[7] The Superior Court found that (i) Pardo's claim that trial counsel did not effectively argue that there was insufficient evidence to support a finding of recklessness was procedurally barred as formerly adjudicated on direct appeal;[8] (ii) Pardo was not able to establish ineffective assistance of counsel under *Strickland v. Washington*[9] with respect to the

---

[7] *State v. Pardo*, 2019 WL 6329067 (Del. Super. Ct. Nov. 26, 2019).
[8] *Id.*, at *9.
[9] 466 U.S. 668 (1984).

remaining specific claims because trial counsel's actions were professionally reasonable and/or Pardo could not substantiate that he suffered prejudice;[10] and (iii) because Pardo's specific claims were without merit, his claim of cumulative error likewise failed.[11] This appeal followed.

(6)     We review the Superior Court's denial of postconviction relief for abuse of discretion, although we review questions of law *de novo*.[12] Both the Superior Court and this Court on appeal must first consider the procedural bars of Rule 61 before considering the merits of any of the underlying postconviction claims.[13] Rule 61(i)(4) bars any ground for relief that was previously adjudicated.

(7)     On appeal, Pardo raises, for the first time, claims of ineffective assistance of *appellate* counsel. Specifically, Pardo argues that appellate counsel was ineffective for failing to raise the following arguments: (i) the trial court erred by considering evidence of Pardo's alcohol consumption because he had not been charged with driving under the influence; (ii) the trial court erred by permitting New Castle County Police Department Corporal William Hussong to testify as an expert witness in the field of collision reconstruction; (iii) prosecutorial misconduct because the prosecution asked Pardo's ex-wife to take Pardo's children to the Child Advocacy Center to be interviewed and permitted Pardo's ex-wife to testify that the

---

[10] *State v. Pardo*, 2019 WL 6329067, at **10-16.
[11] *Id.*, at *16.
[12] *Urquhart v. State*, 203 A.3d 719, 726 (Del. 2019).
[13] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

children were undergoing therapy; (iv) the Superior Court erred by permitting the children's mother to be present in the room when the children testified; (v) trial counsel erred by failing to request an accident instruction; (vi) Pardo's convictions for endangering the welfare of a child resulted in multiple punishments for the same criminal conduct in violation of double jeopardy principles; and (vii) the Superior Court placed improper conditions on his sentence.[14]

(8)    As a preliminary matter, because Pardo did not brief any of the arguments raised by his motion for postconviction relief in the Superior Court regarding the ineffective assistance of *trial* counsel, he has waived those claims in this Court.[15]   Nevertheless, the Court has carefully reviewed the Superior Court record—including trial counsel's affidavit—and has concluded that the Superior Court did not abuse its discretion in denying Pardo's motion for postconviction relief.

(9)    With respect to the issues Pardo raises for the first time on appeal, we review these claims in the interests of justice and for plain error because they were not presented to the trial court.[16]  Under the plain error standard of review, "the error

---

[14] Pardo attaches to his motion as an exhibit a "Motion to Expand/Supplement the Record." It appears from the date on this motion—December 18, 2019—that Pardo intended to file it in this Court along with his notice of appeal.  However, the docket reflects that this document was first filed on March 23, 2020, as an attachment to Pardo's petition to file his opening brief out of time. "It is a basic tenant of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court[,]" *Delaware Electric Cooperative, Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997), and we see no need to expand or supplement the record in this case.
[15] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).
[16] Del. Supr. Ct. R. 8.

complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[17]

(10) Although a defendant is entitled to effective assistance of counsel on appeal, his attorney is not required to raise every nonfrivolous issue.[18] "A defendant can only show that his appellate counsel ineffectively represented him where the attorney omits issues that are clearly stronger than those the attorney presented."[19] Here, appellate counsel raised several meritorious arguments. These arguments included, as noted above, an issue of first impression in the State—the constitutionality of Section 4202—and the Court considered the issue to be of such significance that it ordered oral argument. In short, even if Pardo had raised his claims of ineffective assistance of appellate counsel below, he is not entitled to relief.

NOW, THEREFORE, IT IS ORDERED that judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[17] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[18] *Ploof v. State*, 75 A.3d 811, 831 (Del. 2013).
[19] *Id.* at 832.

6